**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAROLD VINSON

       Plaintiff,

  v.

SAN FRANCISCO COMMUNITY
COLLEGE DISTRICT,

       Defendant.
_____/

No. C 09-4730-EDL

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**

## I.  Introduction

Plaintiff filed his initial Complaint on October 5, 2009, alleging that Defendant San Francisco Community College ("SFCC") violated his civil rights under 42 U.S.C. 2000d.  Defendant moved to dismiss, but instead of opposing Defendant's Motion, Plaintiff filed an FAC in which he added certain allegations as Paragraph 9 of the FAC.  Defendant withdrew its initial motion and filed a Motion to Dismiss the FAC on grounds that the FAC failed to state a claim because the allegations show on their face that the action was not brought within the statute of limitations for the claim. This Court granted the Motion to Dismiss the FAC without prejudice.  Plaintiff filed a Second Amended Complaint ("SAC") on February 2, 2010.  Defendant now moves to dismiss the SAC based on the statute of limitations and because the SAC fails to allege facts sufficient to state a claim.  For the following reasons, the Motion to Dismiss the SAC is GRANTED WITH PREJUDICE.

**II.     Factual Allegations of the SAC**

Plaintiff's SAC alleges that he is African-American and "prior to October 18, 2005, was a student, enrolled in Defendant's college." SAC ¶ 8. He alleges that on October 18, 2005, "Defendants excluded Plaintiff from all of his classes and forbade him from remaining a student at their college, on the sole ground of Plaintiff's race." Id. ¶ 10. Since then, Plaintiff alleges that he has continuously sought re-admission to the school. Id. ¶ 11. The SAC also alleges that on October 18, 2005, "Defendants pretextually denounced Plaintiff as a sexual stalker and despite Plaintiff's continuous imprecations from that date to the present, Defendants refused to consider him eligible for admission to their educational facilities." Id. ¶ 12. Plaintiff contends that this charge was false and that the "real reason" for Defendant's refusal to admit him was because of his African-American race. Id. ¶ 13. Plaintiff further alleges that this was done knowingly and intentionally and that he suffered damage as a result. Id. ¶¶ 14-16.

Plaintiff's SAC also claims that:

> Prior to the institution of this action, Plaintiff filed suit against Defendants in the Superior Court of the State of California, County of San Francisco on his state claims. Said action was ultimately dismissed in December of 2008, thus enabling Plaintiff to file the instant action in Federal Court. Plaintiff, who acted in pro per. [sic] in state court, did not nor could he reasonably be expected to discover his private cause of action under 42 U.S.C. Sec. 2000d against Defendants unless and until his state law remedies were exhausted.

Id. ¶ 9.

**III.    Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. See Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy Federal Rule of Civil Procedure 8, which requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). The reviewing court's "inquiry is limited to the allegations in the complaint,

1   which are accepted as true and construed in the light most favorable to the plaintiff." Lazy
2   Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).
3           A court need not, however, accept as true the complaint's "legal conclusions."
4   Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the framework of a
5   complaint, they must be supported by factual allegations." Id. at 1950. Thus, a reviewing
6   court may begin "by identifying pleadings that, because they are no more than conclusions,
7   are not entitled to the assumption of truth." Id. Courts must then determine whether the
8   factual allegations in the complaint "plausibly give rise to an entitlement of relief." Id.
9   Though the plausibility inquiry "is not akin to a probability requirement," a complaint will
10  not survive a motion to dismiss if its factual allegations "do not permit the court to infer
11  more than the mere possibility of misconduct . . . ." Id. at 1949 (internal quotation marks
12  omitted), 1950. That is to say, plaintiffs must "nudge[] their claims across the line from
13  conceivable to plausible." Twombly, 550 U.S. at 570.
14          When the facts and dates alleged in the complaint indicate the claim is barred by the
15  statute of limitations, a motion to dismiss for failure to state a claim lies. See Jablon v.
16  Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980); Schwarzer, Federal Civil Procedure
17  Before Trial, at § 9:194. However, a motion to dismiss based on the running of the statute
18  of limitations can only be granted if the "assertions in the complaint, read with the required
19  liberality, would not permit the plaintiff to prove that the statute was tolled." Id.
20  **IV.    Analysis**
21          Defendant moves to dismiss the SAC on grounds that the applicable statute of
22  limitations on Plaintiff's sole cause of action, a single civil rights violation under 42 U.S.C.
23  § 2000d, is two years. The Complaint was filed on October 5, 2009, more than two years
24  after the alleged discriminatory act on October 18, 2005.
25          Plaintiff does not dispute that the two-year statute of limitations applies to race
26  discrimination claims brought under 42 U.S.C. § 2000d (Title VI). See Taylor v. Regents
27  of Univ. of Cal., 993 F.2d 710, 712 (9th Cir. 1993) (Section 2000d claims governed by
28  California's statute of limitations for personal injury actions); Cal. Code Civ. P. § 335.1
    (two year limitations period for personal injury actions in California). He also does not

dispute that claims in federal court accrue when the plaintiff "knows or has reason to know of the injury which is the basis for of the action."  Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001).

Instead, Plaintiff contends without explanation or argument that Defendant's continuous racial discrimination and exclusion of Plaintiff from the school from October 18, 2005 to present is what "should rightfully be tested against the statute of limitations." Opp. at 3; see also SAC ¶ 11 ("Plaintiff has continuously sought admission"), ¶ 12 ("Plaintiff's continuing imprecations from [October 18, 2005] to present"); ¶ 13 ("Defendants continuously refused to admit Plaintiff . . . was because of Plaintiff's race"). Plaintiff argues that these allegations support his argument that the statute of limitations was tolled from October 18, 2005 until the date he filed this federal lawsuit on the basis of some continuing harm.  However, despite multiple opportunities for amendment, Plaintiff's SAC still does not contain sufficient factual allegations to meet the Iqbal standard.  It is devoid of any facts, other than naked assertions, relating to his re-application or denial of admission, how any such exclusion continued from October 18, 2005 to present, and does not otherwise allege facts showing that he did not have reason to know of his injury as of October 18, 2005.  Nor does the SAC or Plaintiff's Opposition explain why exhaustion of state remedies was a prerequisite to discovering his civil rights claim.  Indeed, the SAC does not even allege any facts that form the basis for his belief that his exclusion as a sexual stalker was pretextual, or that the real reason was because of race.  As pled, the SAC does not permit the Court to infer more than "the mere possibility of misconduct."  The fact that he includes the word "continuous" three times in his SAC is insufficient to find a continuing violation which might toll the statute of limitations.

Defendant also asks the court to take judicial notice of Plaintiff's Amended Complaint, filed on January 18, 2007 in state court.  See Def.'s Request for Judicial Notice "(RJN)".  Defendant contends that this earlier complaint shows that Plaintiff previously alleged a theory of damages against Defendant that is contradictory to his current allegations of racial discrimination.  While judicial notice of this publicly filed document is appropriate, the document does not directly contradict his current pleading.  The earlier

4

complaint relates to an unexplained accusation made by a school employee on December 13, 2005 that resulted in fear of recurring condemnation or harassment.  See RJN Ex. A at 2.  The allegations of the SAC are based on an event in October 18, and relate to Plaintiff's exclusion from school due to race.  While it is suspicious that Plaintiff's prior complaints did not contain similar allegations of continuing harm, and the latter were only included in response to a Motion to Dismiss, the new allegations do not directly, unequivocally contradict any prior allegation, so the Court has not ignored them in coming to its conclusion.  Instead, considering all allegations of the SAC, the Court finds that Plaintiff has failed to state a claim.

Because the face of the SAC reveals that the claim is time-barred and there is no basis for tolling the statute of limitations, Defendants' Motion to Dismiss the SAC is GRANTED.  As the Court has already given Plaintiff leave to amend and specifically instructed him to ensure that the SAC complied with federal pleading standards, and this is Plaintiff's third attempt to file a proper complaint, the motion is GRANTED WITH PREJUDICE.  See Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (court may deny leave if the party has repeatedly failed to cure deficiencies).

This Order terminates the case and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 5, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

5